Case 4:21-cv-01714   Document 1-2   Filed on 05/24/21 in TXSD   Page 1 of 11

5/3/2021 6:19 PM
Teneshia Hudspeth
County Clerk
Harris County

Harris County - County Civil Court at Law No. 1

**1168535**

JURY FEE PAID

CAUSE NO. _____

| | | |
|---|---|---|
| YUBISAY MAUQUERT,<br>Plaintiff | § § § | IN THE COUNTY COURT |
| v. | § § | |
| FIESTA MART, LLC<br>Defendant | § § § § § | AT LAW NO. \_\_\_\_ |
| | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER

COMES NOW, Yubisay Mauquert, ("Plaintiff"), complaining of Fiesta Mart, LLC ("Defendant"), and for cause of action shows the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to prosecute her claims as a Level 1 action under Rule 190.2 of the Texas Rules of Civil Procedure.

### II. RELIEF

2. Plaintiff seeks only monetary relief of $250,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### III. PARTIES

3. Plaintiff, Yubisay Mauquert, is an individual whose current address is 2425 Sage road, apartment 130, Houston, Texas 77056.

4. Defendant, Fiesta Mart, LLC is a limited partnership registered and authorized to do business in the State of Texas. Defendants may be served with process by serving their registered agent, CT Corporation System, 1999 Bryan St, Suite 900, Dallas, Texas 75201.

### IV. JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.



6. This court has jurisdiction over the parties because all parties are either domiciled in Texas or satisfy the minimum contacts test.

7. Venue is proper in Harris County, Texas, pursuant to section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all of the events or omissions giving rise to the claim occurred in Harris County, Texas.

## V. FACTS

8. On or about April 19, 2021, Plaintiff purchased some food from the food court area of the Fiesta Mart grocery store located at 800 S. Wayside Dr., Houston, Texas 77023. She went to sit down in the dining area of the store where Fiesta Mart provides tabled seating for customers to eat. The tables in the Fiesta Mart dining area are picnic style tables in which the seat bench and tabletop are attached to the legs of the table. As Plaintiff sat down, the unstable picnic table tipped over causing her to fall backward with the table falling on top of her. Plaintiff sustained injuries when her head, neck, back, and due to her falling backward and hitting the table behind her and the floor as well as from the weight of the table falling directly on her.

## VI. CAUSES OF ACTION

FIRST CAUSE OF ACTION: NEGLIGENCE

9. Defendant has a duty to use reasonable care in the operation of Fiesta Mart, LLC to protect or prevent harm to others.

10. Plaintiff's injuries were proximately caused by Defendant's negligent, careless, reckless and malicious disregard of said duty.

11. Defendant's negligent, careless, reckless, and malicious disregard of duty of Defendant consisted of, but is not limited to, the following acts:



a. In that Defendant failed to properly maintain the area designated dining area of the store.

b. In that Defendant failed to secure the picnic table to the ground by anchoring the legs of the table to the floor.

c. In that Defendant failed to place warning signs or any other notice that the tables are not secured to the ground.

SECOND CAUSE OF ACTION: PREMISES LIABILITY

12. Plaintiff was an invitee at the time the injury occurred. Plaintiff went on Defendant's premises for the mutual benefit of herself and Defendant, and at the implied invitation of the defendant. Plaintiff was a business invitee of Defendant because on or about April 19, 2021, Plaintiff came upon Defendant's business premises, Fiesta Mart LLC, to purchase items. Defendant extended an open invitation to the public, including Plaintiff, to enter the premises.

13. Because Plaintiff was an invitee at the time of injury, Defendant owed her a duty to exercise ordinary care to keep the premises in reasonably safe conditions, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

THIRD CAUSE OF ACTION: RESPONDEAT SUPERIOR

14. Defendant hired the staff that run the actual day to day management of Fiesta Mart LLC, therefore, individuals doing the actual management are Defendant's agents, servants, and employees.

15. Defendant agents' glaring lack of oversight, warning/notice to customers of hazards, and all above mentioned failures was negligence.

16. The negligence in the store's management decisions was committed in the scope of employment because: (1) management decisions are within the employee's general authority; (2)

Monday, May 24, 2021 — County Clerk Harris County, Texas



management decisions are in furtherance of the employer's business; and (3) management decisions are for the accomplishment of the object for which the employee was hired.

### VII. PRESERVING EVIDENCE—SPOLIATION NOTICE

17. Plaintiff hereby requests and demands that Defendant preserve and maintain all evidence pertaining to any claim or defense related to the incidents making the basis of this lawsuit or the damages resulting therefrom, including statements, photographs, videotapes, audiotapes, surveillance or security tapes or information, business or medical records, incident reports, tenant files, periodic reports, financial statements, bills, telephone call slips or records, estimates, invoices, checks, measurements, correspondence, facsimiles, email, voicemail, audio recordings, text messages, any evidence involving the incident in question, and any electronic image or information related to the referenced incident or damages. Failure to maintain such items will constitute "spoliation" of evidence.

### VIII. REQUEST FOR HEARING ON TEMPORARY RESTRAINING ORDER AND SUBSEQUENT INJUNCTIVE RELIEF

18. Plaintiff would further pray for this Court to set a hearing on Plaintiff's Application for Temporary Restraining Order and subsequent injunctive relief in this matter.

19. Plaintiff further asks the Court to prevent the Defendant from further causing irreparable harm to Plaintiff by destroying or failing to preserve crucial information and evidence relevant to this lawsuit, as mentioned above.

20. Specifically, Plaintiff hereby requests the Defendant be specifically enjoined from destroying the following:

   a. All surveillance video footage from the cameras located in the premises of the Fiesta Mart located at 800 S. Wayside Dr., Houston, Texas 77023, starting from 10:00am to 2:30pm on April 19, 2021;



b. All sales transactions at the Fiesta Mart restaurant from 10:00am to 2:30pm on April 19, 2021;

c. All employee records, including names, addresses, phone numbers, and other contact information for employees working from 10:00am to 2:30pm on April 19, 2021;

d. All records relating to employee or customer incident reports for the Fiesta Mart located at 800 S. Wayside Dr. Houston, Texas 77023 for the past 3 years;

e. All emails, phone records, text messages pertaining to the events of April 19, 2021, starting at 10:00am to present.

21. Rather, Defendant should be subject to a Temporary Restraining Order and Preliminary Injunctive Order to preserve any and all information and evidence noted above, with a warning that failure to do so will carry an inference adverse to them during the proceedings, including during the jury trial, and an instruction to the jury to consider said inference in making its determinations of liability and damages.

22. Plaintiff's application for a temporary restraining order is authorized by Texas Civil Practice & Remedies Code 65.011(1)-(3). Failure to issue a TRO shall cause undue, permanent and irreparable harm to Plaintiff's rights and interests in the outcome of this action and the rights claimed hereunder.

23. It is probable that Plaintiff will recover from Defendant after a trial on the merits because of the acts stated herein. Plaintiff has a probable and likelihood chance to succeed on the merits.

24. If Plaintiff's application for TRO is not granted, he shall suffer imminent and unquestionable harm because it will effectively affect her right to seek recovery under the law and may never know the true and correct identity of all of the persons responsible for the personal injuries and damages she has suffered.

Monday, May 24, 2021 — County Clerk Harris County, Texas



25. The harm that will result if the temporary restraining order is not issued is irreparable because the Plaintiff may forever lose her right or ability to seek recovery, which she has a constitutional right to do.

## IX. DAMAGES

26. As a result of Defendant's acts and omissions described herein, Plaintiff has incurred actual, consequential, statutory, and other damages for which he is seeking recovery in this lawsuit. Plaintiff's damages include, but are not limited to:

    a. Past and future physical pain and suffering;

    b. Past and future physical impairment;

    c. Past and future medical damages;

    d. Loss of enjoyment of life;

    e. Past and future mental anguish damages for the severe emotional distress, anxiety, and mental anguish, which Plaintiff suffered and will continue to suffer;

    f. Other damages that will be shown at trial;

    g. All recoverable costs of court;

    h. Pre- and post-judgment interest at the highest amount allowed by law; and

    i. All other relief, at law and at equity, to which Plaintiff may show herself justly entitled.

## X. CONDITIONS PRECEDENT

27. All necessary notices and conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## XI. RULE 193.7 NOTICE



28. Pursuant to Rule 193.7 of the Texas Rule of Civil Procedure, Defendant are hereby notified that Plaintiff intends to use all documents produced by Defendant in discovery at the trial of this cause, and therefore requests that Defendant assert any objection to the authenticity of any document Defendant produces within ten (10) days of its production.

## XII. JURY DEMAND

29. Plaintiff hereby demands a trial by jury and the appropriate fee has been tendered with the filing of this petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays she obtains judgment against Defendant with interest on the judgment at the legal rate, pre-judgment interest, cost of the court and for such other relief, both in law and equity, to which Plaintiff may show herself justly entitled.

            Respectfully submitted,
            THE GONZALEZ LAW GROUP, PLLC

            By: _____
            Kevin Acevedo
            Texas Bar No. 24086848
            Email: kevin@gonzalezlawgroup.net
            Victoria Mendoza
            Texas Bar No. 24093861
            Email: victoria@gonzalezlawgroup.net
            7151 Office City Dr., 2nd Floor
            Houston, TX 77087
            Tel. (832)530-4070
            Fax. (832)530-4090
            ATTORNEYS FOR PLAINTIFF



CAUSE NO. _____

| | | |
|---|---|---|
| YUBISAY MAUQUERT,<br>Plaintiff | § § § § | IN THE COUNTY COURT |
| v. | § § | AT LAW NO. \_\_\_\_ |
| FIESTA MART, LLC<br>Defendant | § § § § | HARRIS COUNTY, TEXAS |

## TEMPORARY RESTRAINING ORDER
## AND ORDER SETTING HEARING FOR TEMPORARY ORDER

The application of Petitioner, Yubisay Mauquert, for temporary restraining order against Defendant, Fiesta Mart, LLC, was filed with the Court through Plaintiff's Original Petition on May 3, 2021.

The Court examined the pleadings of Petitioner and finds that Petitioner is entitled to a temporary restraining order.

IT IS THEREFORE ORDERED that the clerk of this Court issue a temporary restraining order restraining Defendant, and that Defendant Fiesta Mart, LLC is immediately restrained, from destroying the following:

a. All surveillance video footage from the cameras located in the premises of the Fiesta Mart located at 800 S. Wayside Dr., Houston, Texas 77023, starting from 10:00am to 2:30pm on April 19, 2021;

b. All sales transactions at the Fiesta Mart restaurant from 10:00am to 2:30pm on April 19, 2021;

c. All employee records, including names, addresses, phone numbers, and other contact information for employees working from 10:00am to 2:30pm on April 19, 2021;

d. All records relating to employee or customer incident reports for the Fiesta Mart located at 800 S. Wayside Dr. Houston, Texas 77023 for the past 3 years;



All emails, phone records, text messages pertaining to the events of April 19, 2021, starting at 10:00am to present.

This restraining order is effective immediately and shall continue in force and effect until further order of this Court or until it expires by operation of law. This order shall be binding on Defendant; on Defendant's agents, servants, and employees; and on those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise. The requirement of a bond is waived.

IT IS FURTHER ORDERED that the clerk shall issue notice to Defendant to appear, and Defendant is ORDERED to appear in person, before this Court in the courthouse at 201 Caroline, Houston, Texas 77002, Texas, on _____ at _____ ___. M. The purpose of the hearing is to determine whether, while this case is pending:

The preceding temporary restraining order should be made a temporary injunction pending final hearing.

The additional temporary injunction prayed for should be granted.

The Court should order the parties to participate in an alternative dispute resolution process before trial of this matter.

SIGNED on _____ at _____ ___. M.

                                                              JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

The Gonzalez Law Group, PLLC
7151 Office City Dr., 2nd Floor
Houston, TX 77087
Tel: (832) 530-4070
Fax: (832) 530-4090



By:*/s/ Kevin Acevedo*
    Kevin Acevedo
    Attorney for Petitioner
    State Bar No. 24086848
    kevin@gonzalezlawgroup.net

Monday, May 24, 2021 — County Clerk Harris County, Texas





I, Teneshia Hudspeth, County Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office
This May 24, 2021

*Teneshia Hudspeth*
Teneshia Hudspeth, County Clerk
Harris County, Texas

Confidential information may have been redacted from the document in compliance with the Public Information Act.

